IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jane Doe, ) | Civil Action No. 8:11-01008-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| OwenMcClelland LLC; Owen M. ) | **OPINION AND ORDER** |
| Roberts, IV; Helen Hart Pillans ) | |
| Roberts; Kimberly Edwards ) | |
| Chewning, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter arises out of an incident wherein Plaintiff alleges that she was kidnapped, beaten, held against her will, and raped while a customer on the premises of the All-Safe Storage facility located in Seneca, South Carolina.[1] Plaintiff Jane Doe ("Plaintiff") filed this action against Defendants, OwenMcClelland LLC, Owen M. Roberts, IV, Helen Hart Pillans Roberts, and Kimberly Edwards Chewning (collectively the "Defendants"), alleging state law claims for negligence; gross negligence; negligent hiring, supervision, and retention; negligent security; negligent undertaking of duty; fraud; constructive fraud; unfair trade practices; premises liability; negligence per se; negligent infliction of emotional distress; intentional infliction of emotional distress by fraudulent conduct; and outrage. (ECF No. 1-1.)

This matter is before the court on Plaintiff's motion to remand the case to the Court of Common Pleas of Oconee County, South Carolina. (ECF No. 7.) Additionally, Plaintiff moves for reasonable costs and attorney's fees associated with the motion to remand. (Id.) Defendants assert that the action should remain in this court because the only non-diverse Defendant,

---

[1] The attacker was also a customer of All-Safe Storage, with a rented unit and personal property at the All-Safe location, and has been convicted of the attack.

1

Kimberly Edwards Chewning ("Chewning"), was improperly and fraudulently joined in the action simply to defeat federal jurisdiction. (ECF No. 10.) For the reasons set forth below, the court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's motion for reasonable costs and attorney's fees.

## I.     RELEVANT PROCEDURAL HISTORY

On March 16, 2011, Plaintiff filed a summons and complaint against Defendants in the Court of Common Pleas of Oconee County, South Carolina. (ECF No. 1-1.) In the complaint, Plaintiff alleged that she is a citizen of the State of South Carolina; Defendant OwenMcClelland LLC is a Georgia limited liability company with its principal place of business also located in Georgia; Defendant Owen M. Roberts, IV is a citizen of the State of Georgia; Defendant Helen Hart Pillans Roberts is a citizen of the State of Georgia; and Chewning is a citizen of the State of South Carolina. (ECF No. 1-1, ¶¶ 2-7.) On March 28, 2011, Defendants were personally served the summons and complaint. (ECF No. 7, ¶ 2.) On April 27, 2011, Defendants removed the case to the United States District Court for the District of South Carolina and filed their answer. (See ECF Nos. 1 & 4.) In the notice of removal, Defendants asserted that Chewning was improperly and fraudulently joined in the action. (ECF No. 1, ¶ 2.) Thereafter, on May 5, 2011, Plaintiff moved to remand the case back to state court contending that this court lacks subject matter jurisdiction because complete diversity does not exist among the parties since Plaintiff and Chewning are each citizens of South Carolina. (ECF No. 7.) Defendants filed opposition to Plaintiff's motion to remand on May 23, 2011, claiming that Chewning, the only citizen of South Carolina among Defendants, was fraudulently joined simply to defeat federal jurisdiction. (ECF No. 10.) Plaintiff filed a reply in support of remand on June 3, 2011. (ECF No. 11.)

2

## II.  LEGAL STANDARD AND ANALYSIS

A.  **Standard**

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332(a).  Section 1332 requires complete diversity between all parties.  Strawbridge v. Curtiss, 7 U.S. 267 (1806).  In cases in which the district court's jurisdiction is based on diversity of citizenship, the privilege of removal is further limited in that a federal court may exercise jurisdiction only if no defendant is a citizen of the state where the action has been initiated.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Furthermore, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.  See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).  Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.  See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will

3

not prevent removal." Pohto v. Allstate Ins. Co., C/A No. 6:10-02654-JMC, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) (citations omitted). The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted). Under this doctrine, a district court can assume jurisdiction over a case even if there are non-diverse named defendants at the time the case is removed. Id. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction. Id. The party seeking removal based on alleged fraudulent joinder by the non-moving party must prove "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes, 198 F.3d at 464. "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Marshall v. Manville Sales Corp., 6 F.3d 229, 232–33 (4th Cir. 1993). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. Id. (citing 14A Charles A. Wright et al., Federal Practice & Procedure § 3723 (2d ed. 1985)). "Further, in determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Mayes, 198 F.3d at 464 (citations omitted).

**B.    Diversity Jurisdiction**

Defendants removed this case based on diversity jurisdiction, assuming the fraudulent joinder of Chewning. Plaintiff has not disputed that the amount in controversy is greater than

$75,000.00. Furthermore, Defendants have acknowledged that Plaintiff and Chewning are citizens of South Carolina, and the action was initiated in South Carolina state court. (See ECF No. 4, ¶¶ 3, 8; ECF No. 1, ¶ 1.) Therefore, unless Chewning is dismissed from the action, complete diversity of citizenship does not exist in this case.

### C.     Fraud in the Pleadings

Defendants do not contend that Plaintiff committed any outright fraud by joining Chewning. Moreover, the court does not perceive outright fraud upon its own review of the pleadings. Therefore, the relevant inquiry is whether there is "no possibility" that Plaintiff would be able to establish a cause of action against Chewning, even after resolving all issues of law and fact in Plaintiff's favor.

### D.     Viability of Claims against Chewning

In the complaint, Plaintiff asserts thirteen causes of action against Chewning and her co-defendants. Defendants primarily contend in opposition to remand that none of Plaintiff's causes of action are viable against Chewning because the claims were brought under the theory that Defendants were operating All-Safe Storage as a joint venture.[2] Defendants assert that the allegations against Chewning do not support the proposition that she was engaged in a joint venture with her co-defendants. (See ECF No. 10, pp. 4-7.) Defendants further assert that Plaintiff's allegations merely show that Chewning was an employee of All-Safe Storage and any claims against her fail because she does not meet the criteria for a joint venturer. (Id.) As a result, Defendants ask the court to dismiss Chewning from the action and allow the case to proceed in this court.

---

[2] Defendants' secondary contention is that Plaintiff's citation to the South Carolina Self-Service Storage Facility Act ("SSSFA"), S.C. Code Ann. §§ 39-20-10 to 50, is irrelevant because the SSSFA does not, as a matter of law, impose any tort liability on Chewning. (See ECF No. 10, pp. 7-10.) The court declines to address this contention in this order because it is not necessary to the resolution of the pending motion to remand.

5

Upon the court's review of Plaintiff's claims, only seven of her causes of action contain the allegation that the claim arises from Defendants having "amalgamated their interests, blurred their identities, and embarked on a specific joint venture to operate All-Safe Storage." (See ECF No. 1-1, ¶¶ 99, 105, 111, 117, 125, 132 & 144.)  The other six causes of action - Plaintiff's claims for unfair trade practices; premises liability; negligence per se; negligent infliction of emotional distress; intentional infliction of emotional distress by fraudulent conduct; and outrage - do not contain the joint venture language identified by Defendants.  Moreover, in these particular causes of action, Plaintiff asserts liability against Defendants jointly and severally.[3] (See id. at ¶¶ 162, 176, 181, 186 & 193.)

An essential element of most, if not all, of Plaintiff's claims is the existence of a legal duty of care owed by the defendant to the plaintiff. Miller v. City of Camden, 494 S.E.2d 813, 815 (S.C. 1997); see also Cowburn v. Leventis, 619 S.E.2d 437, 451 (S.C. Ct. App. 2005) (an affirmative duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstances).  Under South Carolina law, a party like Chewning, who operates a premises but is neither an owner nor an operator, may have a duty of care. See Dunbar v. Charleston & W.C. Ry. Co., 44 S.E.2d 314, 317 (S.C. 1947).  This liability depends upon control of the premises. Id.  In determining whether an individual has sufficient control of premises so as to impose a duty of care, a court generally will look to factors such as whether the individual has authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property.[4] Cook v. Lowe's Home Ctrs, Inc., C/A

---

[3] Joint and several liability has been acknowledged in the common law of South Carolina. See Richards v. Great Atl. & Pac. Tea Co., 83 S.E.2d 917 (S.C. 1954).

[4] "Whether the law recognizes a particular duty is an issue of law to be decided by the Court." R.J. Hendricks, II v. Clemson Univ., 578 S.E.2d 711, 714 (S.C. 2003).

No. 5:06-2130-RBH, 2006 WL 3098773, at *3 (D.S.C. Oct. 30, 2006); Benjamin v. Wal-Mart Stores, Inc., 413 F. Supp. 2d 652, 656 (D.S.C. 2006) (citing C.J.S. Negligence § 388).

In support of her claims against Chewning, Plaintiff offered allegations that Chewning is the property manager for All-Safe Storage; Chewning completes the written applications for persons desiring to lease storage units at All-Safe Storage; Chewning signs the rental agreements on behalf of All-Safe Storage; Chewning receives rent from occupants at All-Safe Storage and issues receipts for said rent; Chewning programs and operates the access-control gate for All-Safe Storage; Chewning was aware that, despite notices and advertising to the contrary, All-Safe Storage did not have any form of video surveillance and/or surveillance cameras at the facility; Chewning and other agents of All-Safe Storage performed "security checks"; Chewning saw Plaintiff's attacker come and go from All-Safe Storage on foot and never saw him with an automobile or with anyone else; and Chewning saw Plaintiff's attacker, on several occasions, crawl under the front gate of All-Safe Storage in order to leave the premises. (ECF No. 1-1, ¶¶ 24-29, 48, 50, 66-67.)  Upon consideration of these allegations, the court is persuaded that Plaintiff has alleged enough facts regarding Chewning's control over the All-Safe Storage facility to establish the possibility of maintaining a cause of action against Chewning, which claim does not necessarily require proof of a joint venture.[5]  Accordingly, the court lacks subject matter jurisdiction over this case, and Plaintiff's motion to remand should be granted.

### III.  CONCLUSION

Based on the foregoing, the court hereby **GRANTS** Plaintiff's motion to remand, ECF

---

[5]  This court "cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. [Plaintiff's] claims may not succeed ultimately, but ultimate success is not required to defeat removal . . . Rather, there need be only a slight possibility of a right to relief . . . Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley v. CSX Transportation, Inc., 187 F.3d 422, 425-426 (4th Cir. 1999).

No. 7, and this action is hereby remanded to the Court of Common Pleas of Oconee County, South Carolina for further proceedings. The Clerk of this Court is directed to email a certified copy of this order of remand to the Clerk of the Court of Common Pleas of Oconee County, South Carolina.

The court further finds that Plaintiff is not entitled to costs and attorney's fees associated with filing the motion to remand. Accordingly, Plaintiff's motion for costs and attorney's fees is **DENIED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

February 29, 2012
Columbia, South Carolina